# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **DECONDRA MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. _____** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PRIME NOW, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Prime Now, LLC ("Prime Now" or "Defendant") hereby files this Notice of Removal of the above-captioned matter from the Circuit Court of Tennessee for the Twentieth Judicial District in Nashville Tennessee, to the United States District Court for the Middle District of Tennessee without waiving any rights to which Defendant may be entitled.

In support of this Notice of Removal, Defendant states as follows:

1.     On October 13, 2021, Plaintiff filed this civil action Case No. 21C1771, captioned *Decondra Moore vs. Prime Now, LLC* in the Circuit Court of Tennessee for the Twentieth Judicial District in Nashville, Tennessee.

2.     Thereafter, on October 21, 2021, Defendant was served with a copy of Plaintiff's Complaint, which, pursuant to 28 U.S.C. § 1446(b), was the date of receipt by Defendant Prime Now, LLC. A true and correct copy of the Complaint filed is attached hereto as **Exhibit A** to this Notice of Removal, in conformity with 28 U.S.C. § 1446(a), and incorporated herein by reference.

3. The Complaint constitutes all of the pleadings of which Defendant has been notified in this Action. Defendant filed its answer to the Complaint with the Circuit Court of Tennessee for the Twentieth Judicial District in Nashville, Tennessee, in a timely manner.

4. Simultaneous with this filing, Defendant will notify the Circuit Court of Tennessee for the Twentieth Judicial District in Nashville Tennessee of its Removal of this Action. A copy of the Notice that will be filed with the Clerk of the Circuit Court and served upon Plaintiff is attached as **Exhibit B**.

## <u>TIMELINESS</u>

5. While a lawsuit generally must be removed within 30 days of receiving the Complaint, "the 30-day period in § 1446(b)(1) starts to run only if the initial pleading contains 'solid and unambiguous information that the case is removable.'" *Berera v. Mesa Medical Group, PLLC*, 779 F.3d 352, 364 (6th Cir. 2015). "If the initial pleading lacks solid and unambiguous information that the case is removable, the defendant must file the notice of removal 'within 30 days after receipt … of a copy of an amended pleading, motion, order or other paper' that contains solid and unambiguous information that the case is removable." See 28 U.S.C. § 1446(b)(3); see also *Walker v. Phillip Morris USA, Inc*., 443 Fed. Appx. 946, 950 (6th Cir. 2011).

6. Here, the original Complaint did not allege a specific amount in controversy, nor did it provide specific facts relating to the claims for damages that would have allowed for the Defendant to calculate or determine that the amount in controversy was over $75,000. Instead, the complaint merely states the Plaintiff is seeking to recover damages for lost wages, from the date of her discharge to the date of the trial date, "in an amount to be determined as fair and reasonable by the jury not to exceed $597.00 per week," compensatory damages for "humiliation, stress, embarrassment, degradation, emotional distress, and/or mental anguish in an amount to be

determined as fair and reasonable by the jury not to exceed $100,000.00," front pay and benefits "in an amount to be determined as fair and reasonable not to exceed $100,000.00," and punitive damages "in an amount to be determined as fair and reasonable not to exceed $5,000,000.00." (Compl. following ¶ 19). At no point in the Complaint does the Plaintiff place a specific or factually supported monetary value on the total amount sought in damages. Instead, the Complaint states that the amount would be determined as reasonable by a jury and places a monetary limit of damages for each damage category without any factual justification for these amounts. The Complaint here did not contain solid and unambiguous information that the amount in controversy was over $75,000, and as a result, the 30-day removal period did not begin at that time. *Butler v. Rue 21, Inc.*, 2011 WL 882782 (E.D. Tenn. 2011) (holding removability was not ascertainable from face of pleadings and 30-day removal period did not begin upon receipt of pleadings where the Complaint only contained generalized demands for damages for back-pay, compensatory damages, and attorney's fees).

7.      On September 19, 2022, Defendant received an e-mail from Plaintiff's counsel discussing the issues of the matter which also contained a settlement offer in the amount of $75,000. A copy of this e-mail is attached as **Exhibit C.** As stated in paragraph 5 of this notice, if the initial pleading lacks solid and unambiguous information that the case is removable, the defendant must file the notice of removal 'within 30 days after receipt … of a copy of an amended pleading, motion, order or other paper' that contains solid and unambiguous information that the case is removable. *See* 28 U.S.C. § 1446(b)(3). Courts have held that settlement offers and written demands from counsel qualify as "other papers" within the meaning of § 1446(b). *Paros Properties LLC v. Colorado Casualty Insurance*, 835 F.3d 1264, 1271 (10th Cir. 2016) ("A written demand from counsel may be an 'other paper' under 1446(b)(3) 'from which it may first be ascertained

that the case is one which is or has become removable.'"). Several circuit courts have so held. *See Romulus*, 770 F.3d at 78; *Babasa v. LensCrafters, Inc.*, 498F.3d 972, 975 (9th Cir. 2007); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000)."); *See Mathes v. Burns*, 2019 WL 5394310 at *7 (M.D. Tenn. 2019) ("a proposed offer to settle may, depending upon the circumstances, constitute an 'other paper' establishing that a case 'is or has become removable.'"). This settlement offer was the first "other paper" received by Defendant that contained solid and unambiguous information that the case was removable. Because this notice is being filed within 30 days of receipt of this "other paper," and within one year after the action was commenced, this removal is appropriate and timely under 28 U.S.C. § 1441(b). *Butler v. Rue 21, Inc.*, 2011 WL 1484151 (E.D. Tenn. 2011) (allowing removal 7 months after Complaint was filed based on removing within 30 days of receiving demand letter in excess of jurisdictional amount, when the initial complaint did not establish the amount of damages).

## JURISDICTION AND VENUE

8.      Venue is proper in this Court in that this is the Court of the district (and division) embracing the place where the action is pending in state court, as this case was originally filed in Davidson County, Tennessee. *See* 28 U.S.C. § 1441(a), 28 U.S.C. 121(7), 1446(a).

9.      This Court has original jurisdiction over the current civil action pursuant to 28 U.S.C. section 1332(a)(1). Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

## DIVERSITY

10.      Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed. 28 U.S.C. §1441(b).

11. To establish citizenship for diversity purposes, a person is a "citizen" of the state in which he or she is domiciled at the time the action was filed. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *MacDonald v. General Motors Corporation*, 110 F.3d 337, 344 (6th Cir. 1997).

12. For purposes of diversity jurisdiction, the citizenship of an LLC is determined by the citizenship of each of its members. *Novia Commc'ns, LLC v. Weatherby*, 798 Fed. Appx. 890, at *5 (6th Cir. Jan. 21, 2020) (""When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).")

13. A corporation is a citizen of the state where it is incorporated and the state of its principal place of business. *Gafford v. General Elec. Co.*, 997 F.2d 150, 161 (6th Cir. 1993).

14. As represented in Paragraph 1 of his Complaint, Plaintiff is a resident and citizen of Nashville, Davidson County, Tennessee.

15. As of the date the action was brought, Defendant is not a citizen of the state of Tennessee. Rather, Defendant Prime Now, LLC is a limited liability company, whose ownership structure is as follows:

- Prime Now, LLC's sole member is PNF Enterprises LLC, located in Delaware;
- The sole member and manager of PNF Enterprises LLC is PNF Properties LLC, located in Delaware;
- The sole member and manager of PNF Properties LLC is PNF US LLC, located in Delaware;
- The sole member and manager of PNF US LLC is Amazon.com Services LLC, located

in Delaware;

- The sole member and manager of Amazon.com Services LLC is Amazon.com Sales, Inc.,
- Amazon.com Sales, Inc.'s principal place of business is Seattle, Washington, and it is incorporated in Delaware

*See Declaration Attached at **Exhibit D.***

16.     Each member of Defendant Prime Now LLC is located in a state other than Tennessee. The corporation who is the sole member of the final LLC who is a member of the Defendant has its principal place of business in the state of Washington, and it is incorporated in the state of Delaware.  Complete diversity exists between Plaintiff, a citizen of Tennessee, and Defendant, a citizen of Washington and Delaware.

## AMOUNT IN CONTROVERSY

17.     This Court likewise has jurisdiction over this case because the amount in controversy exceeds $75,000, the jurisdictional limit established in 28 U.S.C. § 1332, exclusive of interest and costs. The e-mail received from Plaintiff's Counsel on September 19, 2022, which triggered the 30-day removal period in this matter, discussed the status of the issues and claims at hand and unequivocally provided a settlement offer of $75,000.00.

18.     A removing defendant has the burden of proving that "it is more likely than not" that the plaintiff's claims meet the requisite amount in controversy. S*ee Hinson v. Georgia-Pacific Corp.*, 2007 WL 1742162, at *3 (M.D. Tenn. June 14, 2007) (citing *Rogers v. Wal-Mart Stores*, 230 F.3d 868, 871 (6th Cir. 2000)), and this standard "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement."  *Gafford v. General Elec. Co.*, 997 F.2d 150,159 (6th Cir. 1983).  Rather, a removing defendant need only show that a "fair reading" of the unspecified damages more likely than not exceed $75,000. *Karl v. Bizar*, 2009 WL 2175981, at *3 (S.D. Ohio

July 21, 2009) (citing *Hayes v. Equitable Energy Resources Co.,* 266 F.3d 560, 573 (6th Cir. 2001)). Defendant can make such a showing here.

19. Defendant recognizes that the settlement amount, on its face, is not in excess of the jurisdictional limit. However, Courts have recognized that that settlement offers just below the threshold limit can be used as evidence to demonstrate that the amount in controversy was met and this Court should apply the similar analysis here. *Sayre v.* Potts, 32 F. Supp.2nd 881 (1991) (*abrogated on other grounds*, *Scarlalto v. Ferrell*, 826 F. Supp.2d 960 (2020)) (plaintiff's offer of $74,500 did not prove that the action failed to meet the jurisdictional amount. "To the contrary, such a settlement offer lends credence to the proposition that the amount in controversy at the time of removal actually exceeded the $75,000 threshold"); *White v. NewRez, LLC*, 2022 WL 1920696 at *2 (S.D.W.Va. 2022) ("In order to allow for the hazards and costs of litigation, settlement offers routinely represent a discount from the damages plaintiffs will attempt to prove at trial") (*quoting Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp. 22, 24 (S.D.W.Va. 1994) (holding that a settlement offer for $5,000, below the jurisdictional threshold, was evidence that the amount in controversy exceeded the jurisdictional amount).

20. Defendant denies that Plaintiff is entitled to any recovery in this action. By filing this Notice of Removal, Defendant does not waive any defenses or objections otherwise available. However, in light of Plaintiff's settlement offer and the available and requested remedies and types of damages, the amount in controversy in this matter clearly exceeds $75,000 exclusive of interest and costs. If Plaintiff prevails at trial, it is more likely than not that her damages and potential attorneys' fees will exceed the jurisdictional minimum of $75,000 specified in 28 U.S.C. § 1332(a).

21. The amount in controversy here exceeds $75,000 exclusive of interests and costs.

22.     Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant removes this action from the Davidson County District Court to the United States District Court for the Middle District of Tennessee.

Respectfully submitted this 13th day of October, 2022.

*s/ Teresa Rider Bult*
Teresa Rider Bult, TN Bar No. 18431
Jacob A. Freeland, TN Bar No. 039696
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
750 Old Hickory Blvd., Suite 260-2
Brentwood, TN 37027
615-340-3801
tbult@constangy.com
jfreeland@constangy.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed this **DEFENDANT'S NOTICE OF REMOVAL** with the Clerk of the Court using the court's electronic filing system which will send notification of such filing to all registered parties and I hereby certify that I have mailed by United States Postal Service and/or electronically emailed the document to the following:

Charles L. Holliday
LAW OFFICES OF JEFFREY A. GARRETY, P.C.
65 Stonebridge Boulevard
Jackson, TN 38305

This the 13th day of October, 2022.

*s/Teresa Rider Bult*